COBB, J.
This is the second appeal concerning Zoltán Dobi’s 3.850 motion for post-conviction relief, filed in Seminole County Circuit Court Case Nos. 96-2473 and 96-2867. Dobi’s 3.850 motion, filed July 13, 2000, raised several grounds, including that the trial court failed to inform him of the immigration consequences of his plea, one being the possibility of deportation. See Fla. R.Crim. P. 3.172(c)(8). The trial court denied the entire 3.850 motion as untimely. This court, relying on Peart v. State, 756 So.2d 42 (Fla.2000), reversed the order denying relief as to this issue concerning the incomplete plea colloquy, and remanded for the trial court to either attach records refuting the claim or hold an eviden-tiary hearing.[1] The trial court on remand did neither. It held that under Peart v. State, the immigration issue was untimely because it was not raised within two years of Dobi’s learning of the possibility of deportation. The trial court noted that Dobi acknowledged in his 3.850 motion that he learned of his impending deportation on January 16, 1998, and therefore his 3.850 motion was untimely filed on July 13, 2000.
In Peart v. State, the supreme court held that a defendant who learned of the threat of deportation prior to April 13, 2000 (the filing date of the Peart decision), would have two years from that date in which to file a Rule 3.850 motion. Peart, 756 So.2d at 46. The trial court misread Peart v. State, so the denial of Dobi’s 3.850 motion must again be reversed, and the case remanded. The trial court is directed to comply with this court’s original deci *344 sion and mandate in this case, and either attach records refuting Dobi’s involuntary plea/immigration claim or hold an eviden-tiary hearing.
REVERSED and REMANDED.
SAWAYA and PALMER, JJ., concur.

. See Dobi v. State, 771 So.2d 1177 (Fla. 5th DCA 2000). The first Dobi opinion in this case was not published. See Dobi v. State, 771 So.2d 1177 (Fla. 5th DCA 2000) (table).